[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TOSUPPRESS EVIDENCE, DATED FEBRUARY 12, 1996
Anthony Ieronimo, the defendant, is charged in a three count information with possession of marijuana with CT Page 4891 intent to sell (General Statutes § 21a-278 (b)); possession of marijuana (General Statutes § 21a-279 (b)); and possession of drug paraphernalia (General Statutes § 21a-267 (a)). In this motion to suppress evidence, the defendant claims that the affidavit in support of the search and seizure warrant was legally defective and thus the search and seizure warrant was issued illegally. Consequently, he now claims that his rights secured to him under both the federal and state constitutions were infringed. The court agrees and grants the motion. Accordingly, the evidence seized pursuant to the warrant is ordered suppressed.
II.
On January 18, 1996, two members of the Waterbury Police Department's vice and intelligence division submitted to a judge of this court an application with a supporting affidavit to obtain a search and seizure warrant for marijuana and other materials customarily associated with illegal marijuana dealing.[1] According to the application, the officers sought permission to search the person of Anthony Ieronimo, his residence at 13 Morris Road, Prospect, Connecticut and its curtilage. The judge, upon review of the police officers' application and affidavit, issued the warrant and a week later, on January 25, 1996, it was executed. In the process of searching Ieronimo's residence pursuant to the warrant, police officers seized, amongst other things, a large quantity of marijuana, drug paraphernalia, money and an automatic weapon.
The police officers in their brief, six paragraph affidavit, dated January 18, 1996, revealed the following pertinent facts in an attempt to establish probable cause to search Ieronimo and his home for marijuana. In the first paragraph, the affiants indicated that they were Waterbury police officers with "a combined total of 38 years of police training and experience" and were "assigned to the vice and intelligence division and have conducted numerous narcotics investigations . . . ." In paragraph two, the officers averred "that within the past two weeks the affiants have received information that Anthony Ieronimo is selling marijuana from his home 13 Morris Road, Prospect CT." Nowhere in this affidavit do the officers ever identify the source of this "information", or demonstrate the reliability of this statement.
In the third paragraph of the document, the officers reported that during the five days prior to the submission of the warrant application, they met with an informant, whose history or reliability was not revealed in the affidavit, and that the "informant agreed to make CT Page 4892 a controlled buy of marijuana from Ieronimo [sic]." The officers further stated that they searched the informant, and no narcotics were found on the informant's person. Thereafter, the officers gave the informant money and observed that person enter 13 Morris Road. The affiants then stated "a short time later the informant exited said location and returned to the affiants. The informant gave [one of the affiants] a green plant substance and said it was purchased from Anthony Ieronimo while inside of 13 Morris Road, Prospect CT." Significantly to this court, nowhere in the affidavit is this "green plant substance" identified by the police officers, nor is this informant ever connected to the "information" set forth in paragraph two. It is never demonstrated in the document that the informant is capable of identifying Anthony Ieronimo.
Paragraph four indicates that the officers confirmed 13 Morris Road as the residence of Anthony Ieronimo. The concluding two paragraphs of the affidavit, paragraphs five and six, offer no additional facts critical to the information received by the police concerning Ieronimo or the informant's dealings with him during the exchange at Ieronimo's residence. These paragraphs merely set forth, based on the officers' training and experience, a predicate for searching for the traditional accouterments that drug dealers use, followed by a concluding assertion by the police officer affiants that they have in this document revealed "that probable cause has been established to show that Anthony Ieronimo is using 13 Morris Road, Prospect, CT., for the possession of marijuana with intent to sell . . . ."
On January 18, 1996, based upon a review of the application and affidavit, a judge of this court issued the warrant, and it was subsequently executed on January 25, 1996.
III.
"Probable cause to search exists if: (1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity; and (2) there is probable cause to believe that the items named will be found in the place to be searched." State v.Barton, 219 Conn. 529, 548 (1991); State v. Nazario,38 Conn. App. 588, 594 (1995). "Probable cause, broadly defined, comprises such facts `as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe' that criminal activity has occurred." Id.
"[T]he determination of whether probable cause exists to issue a CT Page 4893 search warrant under article first, § 7 of our state constitution, and under the fourth amendment to the federal constitution, is made pursuant to a `totality of the circumstances' test. State v. Barton,219 Conn. 529, 544, 594 A.2d 917 (1991); Illinois v. Gates,462 U.S. 213, 231-32 103 S.Ct. 2317, 76 L.Ed.2d 527, reh. denied,463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983)." State v.Rodriguez, 223 Conn. 127, 134 (1992). Under this test, "[i]n determining the existence of probable cause to search, the issuing judge must make a practical, nontechnical decision whether, given all the circumstances set forth in the warrant affidavit, including the veracity and the basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (Internal quotation marks omitted.) State v. Diaz, 226 Conn. 514, 524-25 (1993).
This court, in reviewing the validity of a warrant, "must determine that the affidavit presented a substantial factual basis upon which the [issuing judge] could conclude that probable cause existed."State v. Barton, supra, 219 Conn. 552; State v. Johnson,219 Conn. 557, 565 (1991). In making this determination, the court "is confined to the `four corners' of the warrant." State v. Vincent,229 Conn. 164, 168 (1994). The court "may consider only the information that was actually before the issuing judge at the time he or she signed the warrant, and the reasonable inferences to be drawn therefrom. . . . We view that information, however, in the light most favorable to the issuing judge's determination of probable cause, and [i]n a doubtful or marginal case . . . our constitutional preference for a judicial determination of probable cause leads us to afford deference to the magistrate's determination." State v. Ives,37 Conn. App. 40, 44-45 (1995), quoting State v. Duntz,223 Conn. 207, 216 (1992).
Following these principles, this court undertakes its review of the police officers' affidavit for the search of Ieronimo and his Prospect residence. In that document, the officers revealed that they had "information" obtained during the prior two weeks that Ieronimo was selling drugs from his residence. Significantly to the court, the source of that "information" was nowhere revealed in the affidavit. Since the affidavit fails to reveal any source, if there be one, for this "information", the issuing judge necessarily must determine, based on the "totality of circumstances" test, whether in the entire affidavit there exists other "objective indicia of reliability" which that judge might have discerned in making a finding of probable cause.State v. Barton, supra, 219 Conn. 544. CT Page 4894
In the Ieronimo affidavit, the especially significant information as it relates to probable cause is the statement that the police officers observed an informant, whose reliability is not disclosed, enter Ieronimo's home, exit, and subsequently turn over to the officers a "green plant substance" which the informant said he purchased from Anthony Ieronimo.[2] The officers in this affidavit made no effort to distinguish this "green plant substance" from virtually the vast multitude of such substances capable of a similar description. The officers did not describe the physical characteristics or smell of the "green plant substance." Further, they did not reveal the performance and results of any chemical field testing of the "substance", which is customarily presented in applications for a search and seizure warrants after attempted controlled buys such as the one involved here. This type of identifying information would be, in this court's opinion, critically necessary in this case for any issuing judge to conclude reasonably that the "substance" was marijuana and then to use that determination logically to corroborate the initial, unidentified "information" that Ieronimo was selling marijuana from his Morris Road residence.[3] The affidavit, as submitted to the issuing judge, within its four corners failed to provide that judicial officer an objective, reasonable basis for the judge to infer that the "green plant substance" had the illegal character of marijuana.
This court is cognizant of its responsibility to review the affidavit here in a light most favorable to upholding the earlier determination of probable cause by the issuing judge and that "[i]n making this determination, the [issuing judge] is entitled to draw reasonable inferences from the facts presented." State v. Diaz,
supra, 226 Conn. 525. However, as in this case, "[i]f an inference drawn by an issuing judge is unreasonable, and that inference is critical to the ultimate determination of probable cause, the warrant is defective regardless of the scope of review employed to analyze the affidavit." Id., 526.
The court, further, is of the opinion that this is not a doubtful or marginal case to be resolved by preference to be accorded the issuing judge's determination. Here, the affidavit submitted by the police to obtain the warrant, with its deficiencies earlier identified by this court, failed to furnish the issuing judge a substantial factual basis upon which that judge could conclude that probable cause to search existed. State v. Barton, supra, 219 Conn. 552.
Our state supreme court has held that "probable cause means more that mere suspicion, and that even strong reason to suspect, CT Page 4895 [is] not sufficient to constitute probable cause. . . . Moreover, physical entry of the home is the chief evil against which the . . . Fourth Amendment is directed, and unless Government safeguards its own capacity to function and to preserve the security of its people, society itself could become so disordered that all rights and liberties would be endangered." (Citations omitted; internal quotation marks omitted.) State v. Duntz, supra, 223 Conn. 220.
The court concludes that the judge's finding of probable cause to issue this search and seizure warrant was impermissible under both the state and federal constitutions. State v. Barton, supra,219 Conn. 545; Illinois v. Gates, supra, 462 U.S. 238-39. Thus, the defendant's motion to suppress must be and is hereby granted.
An order may enter accordingly.
Murray, J.